**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHOLENA LOEWENTHAL,<br><br>   Plaintiff,<br><br> v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>   Defendant. | Case No. 22-cv-04077-BLF<br><br>**ORDER GRANTING MOTION TO AMEND AND REMAND** |

Before the Court is Plaintiff Cholena Loewenthal's motion to amend the complaint to add two additional defendants and to remand the case to state court. For the reasons discussed herein, the Court GRANTS Plaintiff's motion to amend the complaint and remand this action to Monterey County Superior Court.

**I. BACKGROUND**

As alleged in the Complaint, Defendant Union Pacific Railroad Company ("Union Pacific") is the largest railroad in North America. ECF No. 1, Ex. A ("Compl.") ¶ 3. On February 9, 2021, at approximately 2:45 p.m. in the area of Bridge Street and Market Way in Salinas, California, Plaintiff Cholena Loewenthal was struck by a train owned and operated by Union Pacific. *Id.* ¶ 7. She "suffered catastrophic, near fatal injuries resulting in, *inter alia*, the loss of her left arm, left leg and right hand." *Id.*

On June 21, 2022, Loewenthal filed a complaint in the Monterey County Superior Court against Union Pacific and Does 1-50, alleging negligence and premises liability. *See* Compl. She identified Does 11-20 as "the engineers, operators, and/or conductors of the train involved in the underlying incident and/or the persons responsible for the safe movement of the train which struck plaintiff as alleged herein within the environment in which it was being operated at the time of the

1  incident." *Id.* ¶ 4.

2         On July 12, 2022, Union Pacific filed an Answer in Monterey County Superior Court. ECF No. 1, Ex. B ("Answer").  That same day, it removed this action to this Court.  ECF No. 1 ("Notice of Removal").

       On October 10, 2022, Plaintiff filed a motion to amend the complaint and remand.  ECF No. 16 ("Mot."); *see also* ECF No. 19 ("Reply").  She seeks to substitute train engineer Donald Chakerian as Doe 11 and conductor Darin Jessup as Doe 12 ("Individual Defendants").  Mot. at 8; *see also* ECF No. 16-2 ("Proposed FAC").  And because the Individual Defendants would destroy diversity, Loewenthal moves for remand to state court.  Mot. at 8.  Union Pacific opposes the motion.  ECF No. 17 ("Opp.").

**II.  LEGAL STANDARD**

       This motion is governed by 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e).  "The Court determines whether to permit joinder under § 1447(e) by reference to the following considerations: (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff."  *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (internal quotation marks and citations omitted).  Whether to permit joinder is in the district court's discretion.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

**III.  DISCUSSION**

    **A.  Needed for Adjudication**

       Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, impede the putative party's ability to protect their interests, or subject any of the parties to the danger of inconsistent obligations.  Fed. R. Civ. P. 19(a).  "A

1    person falling within the scope of Rule 19(a) must be joined to the ongoing action if feasible."
2    *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). "[W]hile courts consider the
3    standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e),
4    'amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19].'"
5    *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 16-cv-00949-CAS(KSx), 2016 WL
6    3396925, at *3 (C.D. Cal. June 13, 2016) (quoting *IBC Aviation Servs., Inc. v. Compania
7    Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000)). "The
8    standard is met when failure to join will lead to separate and redundant actions." but it is not met
9    when 'defendants are only tangentially related to the cause of action or would not prevent
10   complete relief.'" *Id.* (quoting *IBC Aviation*, 125 F. Supp. 2d at 1012).

11         Union Pacific argues that because Plaintiff seeks only money damages and Union Pacific
12   would be vicariously liable for any negligence by the Individual Defendants, the Individual
13   Defendants are not needed in this action. Opp. at 6. The Court agrees that Plaintiff could obtain
14   complete relief without the Individual Defendants. Further, there is no indication that the
15   Individual Defendants have a legally protected interest in the litigation, and failure to join the
16   Individual Defendants does not create a risk of inconsistent obligations for any of the existing
17   parties. *See ProPortion Foods, LLC v. Master Prot., LP*, No. CV 19-1768-R, 2019 WL 1924982,
18   at *2 (C.D. Cal. Apr. 30, 2019).

19         But the Court notes that amendment under § 1447(e) is "a less restrictive standard than for
20   joinder under [Rule 19]." *IBC Aviation*, 125 F. Supp. 2d at 1012. And this standard is met if
21   "failure to join will lead to separate and redundant actions," which is the case here. *See IBC
22   Aviation*, 125 F. Supp. 2d at 1011. Further, as argued by Plaintiff in Reply, the fact that Union
23   Pacific must indemnify its employees is not a doctrine of immunity from suit for those employees.
24   Reply at 2-3; *see Davis v. Wal-Mart Stores Inc.*, No. 2:16-CV-9480-JFW (AJWx), 2017 WL
25   499595, at *4-5 (C.D. Cal. Feb. 6, 2017).

26         Accordingly, the Court finds that while the Individual Defendants are not necessary parties
27   under Rule 19, it is a close call as to whether they are needed for just adjudication within the
28   relaxed meaning of § 1447(e). This factor thus weighs neither in favor of nor against amendment.

### B. Statute of Limitations

If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action. *See Clinco*, 41 F. Supp. 2d at 1083. Plaintiff acknowledges that the statute of limitations on her negligence claim has not yet expired. Mot. at 16 (citing Cal. Code Civ. Proc. § 335.1). Accordingly, this factor weighs against amendment.

### C. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. On September 16, 2022, Union Pacific provided Rule 26 initial disclosures that identified the train's engineer as Donald Chakerian and the conductor as "D. Jessup." Declaration of Tyler J. Barnett, ECF No. 16-1 ¶ 7. On October 5, 2022, Plaintiff's counsel spoke to Union Pacific's counsel to meet and confer about the first name of D. Jessup, which Union Pacific would not provide. *Id.* ¶ 8. Plaintiff filed the instant motion on October 10, 2022. *See* Mot. Plaintiff acted in a timely fashion. Accordingly, this factor weighs in favor of amendment.

### D. Motivation for Adding the Individual Defendants

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Clinco*, 41 F. Supp. 2d at 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* (quoting *Desert Empire Bank*, 623 F.2d at 1376). While the circumstances in this case suggest that one of Plaintiff's motivations is to defeat jurisdiction, it is not readily apparent that it is the sole motivation, particularly because there is a seemingly valid claim against the Individual Defendants, as explained below. Accordingly, Plaintiff's motivation weighs somewhat against amendment.

### E. Validity of Claims Against the Individual Defendants

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e)." *Sabag v. FCA US, LLC*, No. 2:16-CV-06639-

4

1   CAS(RAOx), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (quoting *Taylor v. Honeywell*

2   *Corp.*, No. 9-cv-4947-SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010)). "In considering

3   the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid'

4   which is not the same as the standard in either a motion to dismiss or a motion for summary

5   judgment." *Id.* at *6 (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 2:14-cv-

6   01994-JAM-KJN, 2015 WL 2006183, at *3 (E.D. Cal. 2015 May 1, 2015)).

7   Plaintiff argues that she has a valid negligence claim against the Individual Defendants.

8   Mot. at 13-14, 17. Under California law,

> Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself.

Cal. Civ. Code § 1714(a). Plaintiff has pled that the Individual Defendants, who were the engineer and conductor of the train, acted negligently. Compl. ¶¶ 9-14. This is a facially valid claim. Accordingly, this factor weighs in favor of amendment.

### F. Prejudice

Where "the claims against the sought parties arise out of the same factual circumstances, it is to the economic benefit of all parties, and the judicial system, to have the entire controversy adjudicated only once," and "[t]o force Plaintiff to proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Verrell v. ROC AZ Villa Antiqua LLC*, No. CIV 14-1730-TUC-CKJ, 2014 WL 3556359, at *3 (D. Ariz. July 18, 2014); *see also Lara v. Bandit Indus., Inc.*, No. 2:12-cv-2459-MCE-AC, 2013 WL 1155523, at *5 (E.D. Cal. Mar. 19, 2013) ("This Court . . . finds that precluding Plaintiffs from joining [putative defendant] would prejudice Plaintiffs because they would be required either to abandon a viable claim against [putative defendant] or to initiate a duplicative litigation in state court."). This factor supplements the necessity factor by accommodating cases where the claims are more than tangentially related and similar enough that separate litigation would be inefficient and wasteful to the parties and the courts. Here, Plaintiff argues that denying the motion to remand would prejudice her and waste judicial resources because she would be required to pursue two substantially similar lawsuits in

5

two different forums—one action against Union Pacific before this Court and another action against the Individual Defendants in state court. Mot. at 17-18. Accordingly, this factor weighs in favor of amendment.

\* \* \* \* \*

Based on the foregoing, the Court exercises its discretion to permit amendment to add the Individual Defendants. Accordingly, the Court GRANTS Plaintiff's motion to amend and motion to remand.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to amend the complaint and remand the action to state court is GRANTED. This action is hereby REMANDED to the state court from which it was removed.

Dated: January 4, 2023

_____
BETH LABSON FREEMAN
United States District Judge